STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Sparkman | } | Docket No. 208-11-04 |
| | Vtec | |
| | } | |
| | } | |

### Decision and Order on Motion to Reconsider Ruling on Motion to Dismiss for Lack of Standing, and on Motion for Interlocutory Appeal

Appellants James Sparkman and eleven others appealed from a decision of the Development Review Board (DRB) of the Town of Manchester. Appellants are represented by David Putter, Esq.; Appellee-Applicant F.H. Corporation is represented by J. Christopher Callahan, Esq.; and the Town is represented by Robert E. Woolmington, Esq. By entry order dated March 7, 2005, the Court ruled in full as follows on Appellee-Applicant's Motion to Dismiss all the appellants for lack of standing:

Granted as to the group of appellants as a group, due to their failure to file with the Development Review Board the signed petition required by 24 V.S.A. §4465(b)(4). Denied as to Appellant Sparkman as an individual, as he has demonstrated both the standing required by 24 V.S.A. §4465(b)(3) and the participation before the DRB required by 24 V.S.A. §4471 and 10 V.S.A.

§8504(b)(1).  Any other of the former group appellants may apply in writing to continue as individual appellants if they can meet both prongs of that test, or to continue as interested parties in the Sparkman appeal if they only meet 24 V.S.A. §4465(b)(3).  Also see V.R.E.C.P. 5(b)(3), last sentence.

Appellee-Applicant has moved for reconsideration of this ruling or for permission to take an interlocutory appeal.

The Court has reexamined its reasoning and the parties' memoranda and declines to change its ruling on the motion to dismiss Mr. Sparkman as an individual appellant. The fact that the notice of appeal that he signed (copy attached) was also signed by one of the other appellants (who has since been dismissed) does not invalidate his standing as an individual appellant.  Nothing in the statute or the rules prevents a number of appellants from filing a single joint appeal, with a single filing fee, even if they all have individual standing.  It would run counter to the call for efficiency and consolidation in the 2004 statutory revisions (effective July 1, 2004) to require separate appeals to be filed by individuals or groups[1] pursuing a single position before the Court.

If Appellee-Applicant wishes to claim that Mr. Sparkman cannot "demonstrate a physical or environmental impact on [his] interest" under the criteria applicable to this municipal permit application, as required to maintain standing under 24 V.S.A.

§4465(b)(3), Appellee-Applicant is free to engage in discovery regarding that potential impact, and to make that claim in another motion.

Appellee-Applicant has also moved for permission to take an interlocutory appeal of this ruling. The ruling involves a controlling question of law: whether as of November 2004 (that is, under the 2004 statutory revisions but under then-V.R.C.P. 76(e), as revised in July of 2004), the notice of appeal had to specify the statutory provision under which each party claims party status, and, if so, whether the failure to do so warrants dismissal of the appeal. An immediate appeal may advance the termination of the litigation, as the dismissal of Mr. Sparkman's appeal would necessarily conclude the litigation.

However, we cannot find that there is a substantial ground for difference of opinion. The notice of appeal required by Rule 76(e)(2)(A), 2004 Emergency Amendment, as of the date of filing of this appeal, did not require the notice to state the grounds for each appellant's claim of party status. Even the new rule V.R.E.C.P. 5(b)(3), which does contain that requirement, makes it clear, in its final sentence, that "informality of form" or even "failure to name a party whose intent to appeal is otherwise clear from the notice" are not grounds for dismissal of the appeal itself. Permission to take an interlocutory appeal must therefore be denied.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion to Reconsider Ruling on Motion to Dismiss for Lack of Standing is DENIED and Appellee-Applicant's Motion for Interlocutory Appeal is also DENIED. However, the merits hearing that was scheduled for March 29 and March 30, 2005, has been continued by agreement of the parties to May 17 and May 18, 2005, to allow time for an appeal of today's ruling to be made to and ruled on by the Supreme Court, under V.R.A.P. 5(b)(1).

Done at Berlin, Vermont, this 22nd day of March, 2005.

_____

Merideth Wright

Environmental Judge

---

[1] The Court's most recent example of such a phenomenon involves approximately twenty individual appellants and six groups comprising nearly a hundred people in all.